



**U.S. Department of Justice**

*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          (503) 727-1000
*Portland, OR  97204-2902*              Fax: (503) 727-1117

January 20, 2012

Mr. Ben Andersen
Attorney at Law
1420 World Trade Center
121 SW Salmon St
Portland OR 97204

      Re:    *United States v. Kiet Anh Nguyen*
             CR 11-00202-MO
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant is currently charged by indictment with one count of False Statement on a Loan Application in violation of Title 18, United States Code, Sections 2 and 1014. Defendant agrees to plead guilty to a Superseding Information, which charges the class A misdemeanor offense of Conspiracy to Commit Bank Larceny, in violation of Title 18, United States Code, Sections 371 and 2113(b).

3.    **Penalties**: The maximum sentence for the class A misdemeanor offense of Conspiracy to Commit Bank Larceny, in violation of Title 18, United States Code, Sections 371 and 2113(b) is 1 year imprisonment and/or five years probation, a fine of $100,000, one year of supervised release, and a $25 fee assessment. Defendant agrees to pay the $25 fee assessment at the time of entry of guilty plea. Defendant further stipulates to the forfeiture of the assets listed below.

4.    **Elements and Facts**: Defendant understands that the elements of the misdemeanor offense of Conspiracy to Commit Bank Larceny are as follows:

      A.    Between the dates alleged in the superseding information, in the District of Oregon, the Western District of Washington and elsewhere, there was an agreement between two or more persons to take and carry away with intent to steal or purloin money belonging to and in the care, custody, control, management and possession of a bank.

      B.    The money belonged to a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 2

      C.     Defendant became a member of this conspiracy knowing of at least one of its objectives and intending to help accomplish it.

      D.     During the time period in which the defendant was a member of the conspiracy, either he or another member of the conspiracy, committed an overt act in furtherance of the agreement.

Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial, and that such evidence would be sufficient to convict defendant of the misdemeanor offense of Conspiracy to Commit Bank Larceny:

      A.     Between October 2, 2009, and April 29, 2010, in the District of Oregon, the Western District of Washington and elsewhere, there was an agreement between defendant Kiet Anh Nguyen and three co-conspirators to take and carry away with intent to steal or purloin money belonging to and in the care, custody, control, management and possession of Wells Fargo Bank, N.A.

      B.     Wells Fargo Bank, N.A., is a bank whose deposits were then insured by the Federal Deposit Insurance Corporation.

      C.     On or about October 8, 2009, defendant Kiet Anh Nguyen agreed to assist co-conspirators 1 and 3 by applying for a loan to purchase real property. Defendant Kiet Anh Nguyen agreed to apply for the loan in order to deceive the bank about the intended identity of the loan recipient. Defendant Kiet Anh Nguyen and the three co-conspirators knew that defendant had no real interest in the real property, and that he was acting as a "straw purchaser" to disguise the fact that co-conspirators 1 and 3 would actually receive the funds from Wells Fargo Bank, N.A., and that they intended to use the funds to purchase real property in the District of Oregon located at 2915 NE Rocky Butte Road, Portland, Oregon, 97220.

      D.     On or about October 8, 2009, defendant Kiet Anh Nguyen and co-conspirator 1 signed a Residential Real Estate Sale Agreement in which defendant Kiet Anh Nguyen falsely represented that he intended to use the loan to purchase the real property located at 14119 SE Bella Vista Circle, Vancouver, WA, for $180,000. In fact, defendant Kiet Anh Nguyen did not intend to use or control the proceeds of the loan, nor did he intend to take possession of the Bella Vista property.

      E.     On or about November 6, 2009, an employee with Wells Fargo Bank, N.A., sent an e-mail to defendant Kiet Anh Nguyen confirming the names of the two Wells Fargo employees who would be working with defendant Kiet Anh Nguyen to process the loan application through Wells Fargo Bank.

      F.     On or after November 6, 2009, defendant Kiet Anh Nguyen forwarded the email from the Wells Fargo Bank employees to co-conspirator 1 with the annotation, "Isn't this already

Revised 02/03/10

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 3

done by [co-conspirator 3] and whomever?" Defendant Kiet Anh Nguyen was in the District of Oregon when he forwarded the e-mail to co-conspirator 1.

   G. On or about December 11, 2009, co-conspirator 1 filed a Warranty Deed, and related documents, with Clark County Washington purporting to transfer an interest in the real property located at 14119 SE Bella Vista Circle, Vancouver, Clark County, Washington, to defendant Kiet Anh Nguyen and co-conspirator 2. She provided a handwritten note saying she wanted defendant and co-conspirator 2 on the title so they could be co-borrowers when she refinanced the residence. Defendant Kiet Anh Nguyen knew this representation was false, and knew that he had no actual ownership interest in the real property.

   H. On or before April 29, 2010, Wells Fargo Bank, N.A., declined to make the loan to defendant Kiet Anh Nguyen and co-conspirator 2.

5. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss the indictment against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (USSG). The court will determine a reasonable sentence within the statutory range considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Guidelines Calculation**: The parties agree that USSG §2B1.1 applies in this case, and that defendant's Base Offense Level pursuant to USSG § 2B1.1 is 6, prior to adjustments. The parties agree that the loss to date is less than $5,000. Defendant agrees that if the loss should exceed $5,000 prior to the sentencing date, the guideline calculation may be higher than level 6.

8. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a two-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9. **Low End Range**: The USAO will recommend a probationary sentence as long as defendant demonstrates an acceptance of responsibility as explained above and complies with all terms of the plea agreement.

Revised 02/03/10

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 4

10. **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Forfeiture Terms**:

A. **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982 including:

**REAL PROPERTY**

1. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 2915 NE Rocky Butte Road, Portland, Multnomah County, Oregon, real property with buildings, appurtenances, and improvements, and more particularly described as:

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 5

        LOT 10, BLOCK 2, OLYMPUS ESTATES, in the city of Portland, Multnomah County, State of Oregon

    2.    All the lots or parcels of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at and adjacent to 14119 SE Bella Vista Circle, Vancouver, Clark County, Washington, real property with buildings, appurtenances, and improvements, and more particularly described as:

**Parcel # 91600-000:**

    Lots 8 and 9, BELLA VISTA, according to the plat thereof, recorded in Volume D of Plats, Page 25, records of Clark County, Washington. EXCEPT the South 200 feet thereof, according to the plat thereof, recorded in Volume D of Plats, Page 25, records of Clark County, Washington.

    Lot 20, BELLA VISTA, according to the plat thereof, recorded in Volume D of Plats, Page 25, records of Clark County, Washington.

**Parcel # 91460-00:**

    Lot 6, BELLA VISTA, according to the plat thereof, recorded in Volume D of Plats, Page 25, records of Clark County, Washington.

**Parcel # 91610-000 and 91620-000:**

    Lots 21 and 22, BELLA VISTA, according to the plat thereof, recorded in Volume D of Plats, Page 25, records of Clark County, Washington, lying West of the following described line: Beginning at the Northwest corner of Lot 5; then Northerly to a point of intersection of the Southerly line of Primary State Highway #8 and the West line of Lot 22 and the terminus of said line. TOGETHER WITH the vacated 20 foot County Road lying North of and abutting Lot 6 of said plat. EXCEPT that portions of Lots 21 and 22, conveyed to the State of Washington by deed recorded under Auditor's File No. G 115758 and G 116918.

## CONVEYANCES

1)    a silver 2004 Acura MDX, VIN 2HNYD18894H514626 registered to Minhthy Nguyen;

2)    a grey/silver 1998 BMW M3, VIN WBSBK0332WEC38528 registered to Minhthy Nguyen;

3)    a 2005 grey Porsche Cayenne SUV, VIN WPIAA29P75LA24524, registered to Minhthy Nguyen; and

4)    a 2001 silver Lexus sedan, VIN JTHBD182810019596 registered to Huy Nguyen

Revised 02/03/10

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 6

      B.    **Agreement to Civil Forfeiture**: Defendant agrees to withdraw any claim already filed to any of the listed property in CV 11-164-MA, and any other civil proceeding, administrative or judicial, which has been or may be initiated. Defendant further waives the right to notice of any forfeiture proceeding involving this property, and agrees not to assist others in filing a claim in any forfeiture proceeding. Defendant agrees to the forfeiture to the United States of all assets listed above, and all assets listed in CV 11-164-MA.

      C.    **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

      D.    **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

      E.    **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

      F.    **Disclosure of Assets**: Defendant agrees to completely and truthfully disclose to law enforcement officials, at a date and time to be set by the USAO, the whereabouts of defendant's ownership interest in, and all other information known to defendant about, all monies, property or assets of any kind in the possession of defendant or nominees, derived from or acquired as a result of, or involved in, or used to facilitate the commission of defendant's illegal activities, and to complete and deliver to the USAO no later than 30 days after the change of plea hearing a financial disclosure form listing all of defendant's assets. Defendant understands and acknowledges that the USAO is relying upon defendant's representation in entering into this plea agreement. If those representations are false or inaccurate in any way, the USAO may pursue any and all forfeiture remedies available, may seek to have the plea agreement voided, and may seek to have defendant's sentence enhanced for obstruction of justice pursuant to USSG § 3C1.1.

      G.    **Polygraph Examination**: Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States, with an

Revised 02/03/10

Mr. Ben Andersen
Re: Kiet Anh Nguyen Plea Letter
Page 7

examiner selected by the USAO. If the examination results indicate an intent to deceive the USAO with respect to assets, defendant will be afforded the opportunity to review and explain the deceptive responses. If, after consideration of defendant's responses, the USAO is convinced defendant's financial statement is not complete and truthful, the USAO is not limited to the forfeiture set forth in this agreement and is free to pursue all forfeiture remedies available.

16.  **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

17.  **Deadline**: This plea offer expires if not accepted by January 20, 2012, at 5:00 p.m.

Sincerely,

S. AMANDA MARSHALL
United States Attorney
District of Oregon

JENNIFER J. MARTIN
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

1/24/2012
Date

Mr. Kiet Anh Nguyen, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

1/24/2012
Date

Mr. Benjamin Andersen, Attorney for Defendant