


```
```


S. AMANDA MARSHALL, OSB #95347
United States Attorney
District of Oregon
**JENNIFER MARTIN, OSB #84285**
Jennifer.Martin@usdoj.gov
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Facsimile:  (503) 727-1117
Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 3:11-CR-00202-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **KIET ANH NGUYEN,** | |
| Defendant. | Sentencing Date: **December 13, 2012, at 11:30 a.m.** |

The United States of America, by S. Amanda Marshall, United States Attorney for the District of Oregon, through Jennifer J. Martin, Assistant United States Attorney, respectfully submits the following information for the Court's consideration regarding imposition of sentence in the above-captioned matter on December 13, 2012.

### I.     RECOMMENDATION

The government joins defendant's recommendation for a probationary sentence of one year, and a $25 fee assessment for defendant's conviction for the class A misdemeanor offense of Conspiracy to Commit Bank Larceny, in violation of Title 18, United States Code, Sections 371 and 2113(b). The government concurs with the calculations and recommendations of the presentence report, apart from two issues.  First, the government joins defendant's request for a

one year period of probation rather than a two year period of probation. Second, after the presentence report was finished, defendant Kiet Anh Nguyen advised the government, and he testified at a co-defendant's trial, that neither he nor his co-defendants have made a monthly payment for Rocky Butte since January, 2012.

## II. PLEA

### A. Relevant Conduct

The parties agree that defendant's relevant conduct for Count 1, pursuant to U.S.S.G. § 2B1.1 is 6 prior to adjustments. The Probation Officer agrees with this calculation.

### B. Defendant's Criminal History

Defendant has no prior criminal history, and the Presentence Report correctly scores his criminal history category as I. Defendant concurs with this characterization.

### C. Acceptance of Responsibility

The parties agree that defendant Kiet Anh Nguyen has met the requirements for the application of the two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The Probation Officer concurs with this recommendation.

### D. Fine

The plea agreement between the parties does not address the imposition of a fine. The Present Report accurately notes that at the time of the change of plea, the Probation Officer and the government believed that defendant Kiet Anh Nguyen was making efforts to pay all expenses related to the Rocky Butte property, where he and all three co-defendants are now living. (PSR ¶ 63) However, just before trial, and during his testimony, defendant Kiet Anh Nguyen admitted that he and co-defendants Huy Anh Nguyen and Minhthy Ngoc Nguyen have been living in Bella Vista, but have not made a mortgage payment or tax payment since January of 2012.

Accordingly the information in the Presentence Report crediting defendant with making payments he has not made in nearly a year is incorrect. Defendant is gainfully employed and would have the financial ability to pay a fine. The fine range for Advisory Guideline Range 4 I is $250 - $5,000.

### E.    Forfeiture

Defendant has agreed to the forfeiture of assets in this case. The defendant's interest in the seized assets will be administratively forfeited in a separate preceding.

### III.    FACTUAL BACKGROUND

In 2009, defendant Kiet Anh Nguyen allowed his sister, Minhthy Ngoc Nguyen and her boyfriend Tu Ngoc Tran to use his name in an attempt to get a loan from Wells Fargo Bank to purchase a piece of real property on Bella Vista Circle in Vancouver, WA. Minhthy Ngoc Nguyen and Tu Ngoc Tran intended to use the money from the loan to buy a piece of property in the Rocky Butte neighborhood in Portland, Oregon.

On October 8, 2009, defendant Kiet Anh Nguyen and Minhthy Ngoc Nguyen signed a Residential Real Estate Sale Agreement in which defendant Kiet Anh Nguyen falsely represented that he intended to use the loan to purchase the real property located at 14119 SE Bella Vista Circle, Vancouver, WA, for $180,000. In fact, defendant Kiet Anh Nguyen did not intend to use or control the proceeds of the loan, nor did he intend to take possession of the Bella Vista property. Instead, codefendants Minhthy Ngoc Nguyen and Tu Ngoc Tran wanted to disguise their purchase of the Rocky Butte residence and its intended use as a marijuana grow and distribution site. Tran has no legitimate income, derives his money from selling drugs, and that Minhthy Ngoc Nguyen's legitimate income would not qualify her to obtain a loan for the property. In the end, the defendant's application for the loan was denied, and the conspirators

resorted to a different fraudulent scheme to purchase the Rocky Butte, again using Kiet Anh Nguyen and his brother Huy Anh Nguyen as straw purchasers.

In the second plan, Tu Ngoc Tran and Minhthy Ngoc Nguyen persuaded Kiet Anh Nguyen, and co-defendant Huy Anh Nguyen to apply for a loan to buy the Rocky Butte as straw purchasers. Co-defendants Tu Ngoc Tran, Minhthy Ngoc Nguyen, and Huy Anh Nguyen were all involved in growing marijuana for distribution in the house, as well as growing marijuana in other properties in Portland and Vancouver, WA. Kiet Anh Nguyen was not involved in the marijuana cultivation, although he knew there was a marijuana growing operation in his house, operated by his brother, Huy Anh Nguyen. He believed his brother's representation that the marijuana grow site was legal under Oregon law.

## IV.     DEFENDANT'S COOPERATION

Defendant Kiet Anh Nguyen is the least culpable of the four defendants in this case. He is the only one of the defendants who was not involved in growing marijuana. He agreed to let defendant Tu Ngoc Tran, and his co-defendant Minhthy Ngoc Nguyen use his name to purchase a house, and he signed false statements in the loan documents used to get the loan to purchase of the house. He agreed to purchase the house in his name as a favor to co-defendants Minhthy Ngoc Nguyen and Tu Ngoc Tran. He has a legitimate job working for Cascadia Behavioral Healthcare, where he is well regarded. The USAO will move at the time of sentencing to dismiss the indictment against defendant.

Prior to his arrest, co-defendants Tu Ngoc Tran and Minhthy Ngoc Nguyen made the Rocky Butte mortgage payments of more than $2,000 a month in cash with the proceeds from the sale of marijuana, and some funds from Minhthy Ngoc Nguyen's employment. For a period of time after their arrests, defendant Kiet Anh Nguyen, and co-defendants Huy Anh Nguyen and

**Government's Sentencing Memorandum**                                                                                           **Page 4**

Minhthy Ngoc Nguyen's made the mortgage payments from their legitimate income. However, as became apparent in defendant Kiet Anh Nguyen's testimony at trial, he and the others stopped making payments in January of 2012, and have been living at Rocky Butte without making any financial contribution to the mortgage or property taxes owed. This failure to pay the mortgage will not result in a loss under the misdemeanor to which defendant Kiet Anh Nguyen pleaded guilty, although it may well have an impact in sentencing co-defendants.

Defendant Kiet Anh Nguyen cooperated with the government and agreed to testify. The plea agreement required him to forfeit any interest he has in the seized assets.

On December 6, 2012, defendant Kiet Anh Nguyen testified on behalf of the government in the case of *United States v. Tu Ngoc Tran*, Case Number 11-CR-202, in compliance with the terms of his plea agreement. The government is satisfied that Mr. Nguyen has met the terms of the plea agreement requiring his cooperation in this case.

## V.    CONCLUSION AND RECOMMENDATION

For the reasons set forth above and in the additional sentencing materials provided to the court, the government recommends that the court impose a probationary sentence of 1 year, and a $25 fee assessment. The court should consider imposing an appropriate fine in this matter.

Under the facts in this case, a probationary sentence will promote respect for the law and provide just punishment for this offense. Such a sentence would recognize defendant's role in this offense, provide adequate deterrence to criminal conduct, protect the public and provide the defendant with an opportunity for educational or vocational training, medical care, or other correctional treatment. A probationary sentence coupled with the $25 fee assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

The government further moves to dismiss the underlying indictment as to defendant Kiet Anh Nguyen.

DATED this 10th day of December 2012.

>Respectfully submitted,
>
>S. AMANDA MARSHALL
>United States Attorney
>
>*s/ Jennifer J. Martin*
>JENNIFER J. MARTIN, OSB #84285
>Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2012, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was served electronically (e-mail via CM/ECF) on Benjamin T. Andersen, defense counsel, and a hard copy was delivered to:

> Joni Eisenbrandt
> U.S. Probation Officer
> U.S. Probation Office
> 340 U.S. Courthouse
> 1000 SW Third Avenue
> Portland, OR 97204

> *s/ Jennifer J. Martin*
> Jennifer J. Martin
> Assistant United States Attorney